MUNICIPAL COURT OF THE CITY OF PROVIDENCE *vs.* CATHERINE A. McELROY *et als.*

One of the conditions of an administration bond sued on being that the administratrix do make a just and true account at any time when she may be required thereto by the probate court, an assignment in a declaration as a breach of the condition that the administratrix has not made a just and true account of her administration, but has neglected and refused to perform the conditions named in the bond though duly ordered by the court to do so, is a sufficient averment of a breach of the condition.

If a decedent's estate has not been declared insolvent, and there has been a breach of the condition of the administration bond by the neglect of the administratrix to pay a claim against the estate which has been reduced to judgment, or to show goods or estate of the deceased for that purpose after demand of payment, an action may be brought on the bond before the expiration of three years from the time of granting administration.

DEBT on a bond.    Certified from the Common Pleas Division on demurrer to the declaration.

The bond in suit was one given in pursuance of Pub. Stat. R. I. cap. 184, § 10, which prescribes the form of the bond. So much of the condition of the bond as is material to the present case reads as follows :—

"The condition of this obligation is such, that if the above bounden       who is appointed administrator on the estate of       late of       deceased, do make or cause to be made a true and perfect inventory of all and singular the goods, chattels, rights and credits of the said deceased, which have or shall come to the hands, possession or knowledge of the said       or unto the hands or possession of any other person for       and the same so made do exhibit upon oath to the court of probate for the said town of       within three months from the date hereof, and the same goods, chattels, rights and credits and all other the goods, chattels, rights and credits of the said  ·       at the time of death, or which at any time hereafter shall come to the hands and possession of the said       or to the hands and possession of any other person or persons for       do well and truly administer according to law, and further do make or cause to be made a just and true account of       said administration, upon oath, at or before the       day of       which will be in the year       and at any other time whenever       may be required thereto by the court of probate . . . . . then the before written obligation to be void and of none effect, or else to be and remain in full force and virtue."

*December* 20, 1894.   PER CURIAM.   The second count in the declaration alleges as a breach of the condition of the bond that the administratrix has not made a just and true account of her administration, but has neglected and refused to perform the conditions named in the bond though duly ordered by the Municipal Court so to do.   This statement of the breach, though general and unskilfully drawn, is equivalent to a charge that the administratrix has neglected to render an account to the court though she had been cited to do so by the court, and is, therefore, a sufficient averment of a breach of one of the conditions of the bond.

The third count avers as a breach of the bond that the administratrix has not truly administered the goods, chattels, rights and credits of the intestate, in that Gay Brothers & Co., have had their debt against the estate of the deceased ascertained by a judgment and have demanded payment of the same from the administratrix, but that she has neglected to satisfy it or to show goods or estate of the deceased for that purpose. There is nothing in the pleading, to show that the estate has been declared insolvent, and unless such is the fact the plaintiff has a right to bring its action on the bond although three years have not elapsed since administration granted.

We are of the opinion that for these reasons the demurrer must be overruled.

Demurrer overruled and case remitted to the Common Pleas Division for further proceedings.

*Harry C. Curtis*, for plaintiff.

*Hugh J. Carroll*, for defendants.